STATE of Minnesota, Respondent,

v.

**James RUD, Appellant.**

**No. C8-85-718.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Denied Sept. 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott County Atty., Mary Yunker, Asst. Co. Atty., Shakopee, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

### SUMMARY OPINION

LESLIE, Judge.

### FACTS

Appellant, James Rud, was originally charged with over 75 counts of criminal

sexual conduct involving children. He pleaded guilty to 10 counts of criminal sexual conduct in the first degree pursuant to a plea agreement in which all other charges were dismissed. The agreement required appellant give complete and honest statements about his and other persons' involvement with children and appellant agreed to turn state's evidence. It was contemplated that appellant would be sentenced on one count and the trial court would recommend appellant receive sex offender treatment in prison. It was also contemplated that sentencing on the remaining nine counts would be deferred until he had served the sentence on the first count. Sentencing was then deferred pending a presentence investigation and assessment of appellant's truthfulness with authorities in other cases.

Prior to sentencing appellant testified in a related sexual abuse trial and his testimony was eventually suppressed by stipulation of the defense and State over concern that appellant may have believed his testimony had to result in a conviction rather than merely be truthful, under the plea agreement. Subsequently appellant gave a statement to BCA agents recanting his earlier statements made at the time he pleaded guilty and reaffirmed approximately three weeks later when another proceeding was held to clarify the plea agreement.

At sentencing the trial court found appellant had breached the agreement by being untruthful and by destroying his usefulness as a witness. The court sentenced appellant on all 10 counts to consecutive prison terms which were later modified to 76 months for the first count and nine 43-month terms for the remaining counts resulting in a total sentence of 463 months. On appeal, appellant claims sentencing on the last nine counts should have been deferred pursuant to the plea agreement.

## DECISION

Appellant was repeatedly told that he must be truthful or he would face a long prison sentence. He repeatedly stated he understood his responsibilities and the consequences that would flow from his violation of the agreement. The record is clear that appellant breached the terms of the plea agreement. Appellant seeks "specific performance" on the grounds of "fairness." Appellant has not demonstrated he is entitled to specific performance. We see no injustice in appellant's sentence; his own actions dictated the result and he should not be heard to complain. While a promise by the prosecutor which is part of a plea agreement must be honored, or the plea may be withdrawn, *Kochevar v. State*, 281 N.W.2d 680 (Minn.1979), there is no authority supporting appellant's position that a defendant who breaches a plea agreement after being warned that such violation would result in execution of sentence, is entitled to specific performance of the plea agreement. As the trial court aptly stated to appellant, "You knew you were punching your ticket for the trip."

Affirmed.